UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 12-295(2) (PAM/AJB)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **Discovery Declaration and** |
| V.  ) | **Outline of Preliminary Pre-** |
| ) | **Trial Motions** |
| JULIE CAMPANA, ) | |
| ) | |
| Defendant. ) | |

Ms. Campana stands accused of aiding and abetting the robbery of a hotel, interfering with interstate commerce (Count I), and with aiding and abetting the use of a firearm in and in relation to the robbery (Count 2).  Through counsel, she respectfully tenders this discovery declaration and outline of the preliminary pre-trial motions filed in this case.[1]

**Discovery**

Pursuant to the Court's Order, counsel received a collection of 17 discs of discovery materials, on December 13, 2012.  The discs contain video and audio surveillance, recordings of interrogations, and several thousand pages of reports and

---

[1] This submission is intended as a review of the discovery provided to date and of the discovery and suppression motions filed along with it, and not as a means of avoiding reciprocal discovery obligations under Rule 16 of the Federal Rules of Criminal Procedure.  We seek discovery of all materials to which the defense is entitled under any and all laws, rules and regulations, and do not object to the motion for reciprocal discovery that has been offered by the prosecution.

documentary evidence. These disclosures are voluminous. Apart from the matters discussed below, the discovery provided to date contains no obvious omissions, although it is difficult to know the details of a process about which we are ignorant. Accordingly, no generic Rule 16 discovery motion is filed.

It is often the government's practice to disclose Rule 16 (a)(1)(G) information concerning experts and expert testimony long after the court-ordered discovery deadline. To avoid any need for continuances and to address Rule 16's provision that its protections, including those appearing at 16(a)(1)(G), apply "upon request", a motion seeking this information is offered. In similar spirit, and in light of decisions holding that "if you don't ask, you can't complain about not getting any", we file a motion seeking access to exculpatory material.

The discovery reflects that Ms. Campana is alleged to have made statements to law enforcement on several occasions and in several different contexts, including on October 29 and 30, 2012, in connection with these charges and the investigation underlying them. We therefore seek access to all reports, notes, tapes and other records of her statements.

The use of electronic surveillance technologies are sometimes a part of the investigation leading to charges such as these. Accordingly, we offer a motion seeking access to the results of any electronic surveillance used in the development of this case. Beyond this, the use of informants is also common, and we therefore seek access to any informants and all evidence of their compensation or other incentives.

Finally, we move for the establishment of deadlines on the near future for the disclosure of any evidence the prosecution may seek to introduce pursuant to Rule 404(b) of the Federal Rules of Evidence, and all Jencks Act materials that will become discoverable at trial.

Dispositive Motions

Statements on several occasions are attributed to Ms. Campana.  These include statements made in connection with her detention and arrest on October 29, 2012, and in separate interrogation sessions conducted by representatives of various law enforcement agencies, on October 29 and 30.  The disclosures relating to these statements, a combination of audio and video recordings and summary reports, raise several concerns.  The records reflect that the statements were the fruit of an unlawful detention and arrest.  They further reflect that Ms. Campana was interrogated under circumstances that were custodial in nature, without the benefit of a valid advice or rights process, and that interrogation continued after her repeated invocations of her rights to silence and counsel.  The records establish that the statements were not the result of a voluntary waiver of her rights to silence and counsel, and that a technique referred to as mid-interrogation Miranda was used.  For these reasons, we offer a motion seeking the suppression of these statements.

If it later becomes clear that additional interrogations or searches and seizures subject to Constitutional or other legal challenge were performed, we will seek leave of the Court to reopen these proceedings so that the underlying issues can be addressed.

Dated:	January 11, 2013

                            Respectfully submitted,
                            *s/ Andrew H. Mohring*

                            _____
                            Andrew H. Mohring
                            Attorney ID No. 190731
                            Attorney for Defendant
                            107 U.S. Courthouse
                            300 South Fourth Street
                            Minneapolis, MN 55415