UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal No. 12-295 (2) (PAM/AJB) |
| | ) | |
| Plaintiff, | ) | **MEMORANDUM IN SUPPORT OF** |
| v. | ) | **MOTION TO SUPPRESS OCTOBER** |
| | ) | **29, 2012 AND OCTOBER 30, 2012** |
| | ) | **STATEMENTS** |
| JULIE ANN CAMPANA, | ) | |
| | ) | |
| Defendant. | ) | |

This memorandum is submitted in support of the defendant's motion to suppress statements. Those statements made by her were involuntary and obtained by impermissibly deceptive methods of interrogation.

Before statements made by the accused can be admitted into evidence in the case of chief, the government must establish that proper warnings concerning certain fundamental constitutional rights were given to the defendant. <u>Miranda v. Arizona</u>, 384 U.S. 436 (1966). The government bears a heavy burden of demonstration that an interrogation, in custody without the presence of an attorney, is the product of a knowing and intelligent waiver of the privilege against self-incrimination and the right to retain appointed counsel. <u>Id</u>., 384 U.S at 475. The government's burden of proof is set for in <u>Lego v. Twomey</u>, 404 U.S. 477, 489 (1972); and <u>United States v. Watson</u>, 469 F.2d 362 (5th Cir. 1972).

In addition to requiring that the government demonstrate compliance with <u>Miranda</u>'s requirement that waiver be voluntary, the government must demonstrate that the statements have not been coerced in violation of the right against self-incrimination guaranteed by the Fifth Amendment. <u>Michigan v. Tucker</u>, 417 U.S. 433 (1974).

A statement is voluntary when the statement was the product of a rational intellect and of free will. Blackburn v. Alabama, 361 U.S. 199 (1960). The determination of voluntariness takes place in light of all of the circumstances surrounding the confession or admission. The court is free to consider factors including past history, education, physical condition and circumstances of the accused at the time the statement was given. Mincey v. Arizona, 437 U.S. 385 (1978); Schneckloth v. Bustamonte, 412 U.S. 218 (1973); Jackson v. Denno, 378 U.S. 368 (1964).

The defendant also asserts that she was unlawfully in custody in violation of the Fourth Amendment. She asserts that her statements were the product of that Fourth Amendment violation. Thus, the statements should be suppressed. Won Sun v. United States, 371 U.S. 471 (1963). The fact that Miranda warnings were given or a waiver was obtained does not by itself purge the taint of the illegal arrest. Brown v. Illinois, 422 U.S. 590 (1975).)

Dated: January 11, 2013                Respectfully submitted,


                                       *s/ Andrew H. Mohring*
                                       ANDREW H. MOHRING
                                       Attorney ID No. 190731
                                       Attorney for Defendant
                                       107 U.S. Courthouse
                                       300 South Fourth Street
                                       Minneapolis, MN 55415