UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 12-00295 AJB/PAM

UNITED STATES OF AMERICA,

        Plaintiff,

v.

JULIE ANN CAMPANA (2),

        Defendant.

GOVERNMENT'S PREHEARING
RESPONSE TO DEFENDANT'S
DISCOVERY MOTIONS

## INTRODUCTION

The United States of America, by and through its attorneys, B. Todd Jones, United States Attorney for the District of Minnesota, Amber M. Brennan and Allen A. Slaughter, Assistant United States Attorneys, hereby submits this response to the Defendant's various pretrial discovery motions and the Defendant's motion to suppress.

Although the Court did not request this filing, the Government provides this response, in part, to inform the Court and the Defendant that it does not intend to use any of the information the Defendant seeks to suppress in its case in chief (see Section VIII, infra), and therefore the Government it does not anticipate the need for an evidentiary hearing on the Defendant's motion.

### I.    Motion for Disclosure of Expert Witness Testimony [ECF Doc. No. 29]

The Defendant moves for an order compelling the Government to make disclosures provided for by Rule 16(a)(1)(G) "forthwith." The Government respectfully

requests that the Court order that all Rule 16(a)(1)(G) disclosures – those related to the testimony and opinions of expert witnesses – be made no later than two weeks before trial.  See United States v. Finn, 919 F. Supp. 1305, 1316 n.7 (D. Minn. 1995) (ordering Government to make Rule 16(a)(1)(G) disclosures as opinions become available and no later than seven days before trial and rejecting defendant's request that such disclosures be made at least 45 days prior to trial).

There is no defined timing requirement included in Rule 16(a)(1)(G).  See Fed. R. Crim. P. 16 advisory committee's note, 1993 Amendments.  With respect to the issue of timing, the advisory committee's notes provide that, "although no specific timing requirements are included, it is expected that the parties will make their requests and disclosures in a timely fashion." Id.  On December 13, 2012 the Government disclosed all material relevant to Rule 16(a)(1) subsections (A) – (F) in its custody or control, including the results of any scientific reports or tests.  The Government will continue to make disclosure of Rule 16(a)(1)(A) – (F) material of which it becomes aware on a rolling basis.  However, at this time the Government does not know whether it will require the testimony of an expert witness at trial.  In the event the Government determines it will require testimony from one or more experts, its proposal to make any additional, relevant disclosures two weeks prior to trial allows the parties sufficient notice of the expected testimony and time to prepare a focused cross-examination of the expert. See Fed. R. Crim. P. 16 advisory committee's note, 1993 Amendments.

## II. Motion and Memorandum for Disclosure of Evidence Favorable to the Defendant [ECF Doc. Nos. 30-31]

Defendant requests an order compelling the Government to disclose any material which is favorable to the Defendant pursuant to Brady v. Maryland, 373 U.S. 83 (1963), Giglio v. United States, 405 U.S. 150 (1972), and their progeny. The Government is aware of its duty to disclose material information which is either exculpatory or related to impeachment of a government witness. See Brady v. Maryland, 373 U.S. at 87; Giglio v. United States, 405 U.S. at 154-55.

On December 13, 2012 the Government disclosed to the Defendant all exculpatory and impeachment related material in its possession, custody or control. The Government will continue to disclose any such material of which it becomes aware. However, the Government objects to the Defendant's motion to the extent that it goes beyond the requirements of Brady, Giglio, and their implementing case law.

## III. Motion for Statements, Admissions and Answers of the Defendant [ECF DOC. No. 32]

Defendant has moved this Court for an order directing the Government to disclose the existence and contents of any confessions or statements in the nature of confessions, as well as any evidence derived from or discovered as a result of any such confessions or statements. On December 13, 2012 the Government disclosed all such information currently in its possession, custody or control to the Defendant. The Government will continue to disclose any such information of which it becomes aware.

IV.   **Motion for Discovery and Inspection of Products and Records of Electronic Surveillance [ECF DOC. Nos. 33-34]**

Defendant moves this Court for an order "directing the government to disclose and to certify the extent of electronic surveillance" used by "the government in any phase of its investigation of the defendant." No such investigative tools were used in the investigation surrounding Defendant. Accordingly, Defendant's motion should be denied as moot.

V.   **Motion to Disclose and Make Informant Available for Interview [ECF DOC Nos. 35-36]**

Defendant moves the Court for an order requiring the Government to disclose the identity of any informant or informants utilized by the Government in the investigation of this case, and to make such informant(s) available for interview by Defendant's attorneys. The Government did not utilize any informants in the investigation surrounding this matter, and therefore the Defendant's motion should be denied as moot.

VI.   **Motion for Disclosure of Rule 404 Evidence [ECF Doc. Nos. 37-38]**

Defendant moves for an order requiring the United States to "immediately" disclose any "bad act" or "similar course of conduct" evidence it intends to introduce at trial pursuant to Rule 404(b) of the Federal Rules of Evidence. The Government is aware of its disclosure obligations under Rule 404 and intends to fully comply with them. However, the Government objects to "immediate" disclosure, which is not required by Rule 404(b). Under the rule, the Government is required to "provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown."

Fed. R. Evid. 404(b). See Fed. R. Evid. 404(b) advisory committee's notes, 1991 Amendments ("Other than requiring pretrial notice, no specific time limits are stated in recognition that what constitutes a reasonable request will depend largely on the circumstances on each case."). The Government objects to the timing element of Defendant's request because it may lead to motions to suppress later-discovered 404(b) evidence.

The Government proposes to notify the defense of Rule 404(b) evidence it intends to use at trial no later than two weeks prior to trial. The Government also requests that any order be strictly drawn to require no more than what is encompassed by Rule 404(b). Specifically, Rule 404(b) does not encompass acts that are "intrinsic" to the charged offense. Fed. R. Evid. 404 advisory committee's notes, 1991 Amendments. If conduct of a defendant is an "intrinsic" part of any of the charged offense but could otherwise be considered a "bad act," then Rule 404(b) does not contemplate that notice of such evidence be given. The distinction is an important one, as the defense may claim that the Government must give notice of every "bad act" it intends to introduce, which is not so. United States v. Adediran, 26 F.3d 61, 63 (8th Cir. 1994) (standards applicable to evidence considered under Rule 404(b) do not apply to such "inextricably intertwined" evidence).

**VII.   Motion for Early Disclosure of Jencks Act Material [ECF Doc. No. 39]**

Defendant moves the court for an Order compelling the government to make early disclosure of Jencks Act material "at least two weeks" before trial commences.

Rule 16(a)(2) and (3) make plain that Rule 16 does not require early disclosure of witness statements. The Eighth Circuit has repeatedly found that the Government cannot be compelled to produce Jencks Act material until after the witness has testified at trial on direct examination. See, e.g., United States v. Sturdivant, 513 F.3d 795, 803 (8th Cir. 2008); United States v. Douglas, 964 F.2d 738, 741, n.2 (8th Cir. 1992); Anderson v. United States, 788 F.2d 517, 519 (8th Cir. 1986). Therefore, the Government opposes the motion as unlawful. United States v. White, 750 F.2d 726 (8th Cir. 1994) ("Although in many cases the government freely discloses Jencks Act material to the defense in advance of trial, the government may not be required to do so"); United States v. Alexander, 736 F.Supp. 968, 981 (D. Minn. 1990)(Rosenbaum, J.) ("Rule 16(a)(2)... specifically excludes statements made by government witnesses from pre-trial discovery, except as provided in the Jencks Act").

Notwithstanding the above, the Government intends to voluntarily make Jencks Act material available to Defendant five (5) days before trial so as not to delay the progress of trial, as long as Defendant agrees to do the same. See, e.g., United States v. Aleman, 548 F.3d 1158, 1166-67 (8th Cir. 2008) (affirming practice of providing Jencks Act material three days before trial).

**VIII. Motion to Suppress Statements, Admissions and Answers [ECF DOC Nos. 40-41]**

Defendant requests suppression of all statements, admissions and answers made by the Defendant during and subsequent to her arrest on October 29 and 30, 2012. The Government does not intend to use any of the Defendant's statements made on October

6

29 and 30, 2012 in its case in chief.  Therefore, the Defendant's motion should be denied as moot.

## CONCLUSION

Based on the foregoing, the Government respectfully asks the Court to rule on the Defendant's motions as set forth herein.


Dated: January 17, 2012

                              Respectfully Submitted,

                              B. TODD JONES
                              United States Attorney


                              <u>s/ Amber M. Brennan</u>
                    BY:  AMBER M. BRENNAN
                              Attorney Id No. 0285961
                              ALLEN A. SLAUGHTER
                              Attorney Id No. 301668
                              Assistant U.S. Attorneys