UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 12-295 (PAM/AJB)

UNITED STATES OF AMERICA,

        Plaintiff,                      **MOTION FOR PRELIMINARY ORDER OF FORFEITURE**

v.

1.     ERIC WADE FORCIER, and

2.     JULIE ANN CAMPANA

        Defendants.

The United States of America, by and through B. Todd Jones, United States Attorney for the District of Minnesota, and James S. Alexander, Assistant United States Attorney, respectfully moves this Court, pursuant to 18 U.S.C. § 924(d)(1), in conjunction with 28 U.S.C. § 2461(c), and Fed. R. Crim. P. 32.2, for a Preliminary Order of Forfeiture in the above-captioned case and in support thereof represents to the Court the following:

1.     On December 3, 2012, a federal grand jury sitting in the District of Minnesota returned an Indictment against defendants Eric Wade Forcier and Julie Ann Campana.

2.     The Forfeiture Allegations of the Indictment sought the forfeiture pursuant to 18 U.S.C. § 924(d)(1), in conjunction with 28 U.S.C. § 2461(c), of any firearm and ammunition involved in the violations alleged in Counts 1 through 3 of the Indictment, including but not limited to a .32 caliber FEG pistol, serial number BK1827 (hereafter, "firearm"), and associated ammunition.

3. On March 27, 2013, a criminal Information was filed in the District of Minnesota against defendant Eric Wade Forcier (Forcier) charging him with interference with commerce by robbery (Counts 1 and 2), using, carrying, and brandishing a firearm during robbery (Count 3), and felon in possession of a firearm (Count 4). Counts 3 and 4 of the Information specifically referenced a .32 caliber FEG pistol, serial number BK1827, as being involved in the violations.

4. On April 2, 2013, the United States and defendant Julie Ann Campana entered into a Plea Agreement, whereby the defendant pled guilty to Count 1 of the Indictment, charging her with aiding and abetting interference with commerce by robbery on October 29, 2012, in violation of 18 U.S.C. §§ 2 and 1951. The defendant admitted that she was involved in a robbery of the America's Best Value Inn & Suites on October 29, 2012. *See* Plea Agreement and Sentencing Stipulations ¶ 2 (Factual Basis) (Docket No. 55). During this robbery her co-defendant, Eric Wade Forcier used a .32 caliber FEG pistol, serial number BK1827, to perpetrate the robbery. *Id*. Later that day, authorities found the firearm after Forcier was apprehended. *Id*. ¶2(h).

5. On April 2, 2013, the United States and defendant Eric Wade Forcier entered into a Plea Agreement, whereby defendant Forcier pled guilty to all counts of the Information described above. *See* Plea Agreement and Sentencing Stipulations ¶ 1. The defendant admitted that he possessed and brandished a .32 caliber semi-automatic pistol during the robberies. *Id*. ¶ 3( Factual Basis).

2

6. Rule 32.2(b) of the Federal Rules of Criminal Procedure provides that:

> (b) Entering a Preliminary Order of Forfeiture.
>
> (1) Forfeiture Phase of the Trial.
>
> > (A) Forfeiture Determinations. As soon as practical . . . after a plea of guilty or nolo contendere is accepted, on any count in an indictment or information regarding which criminal forfeiture is sought, the court must determine what property is subject to forfeiture under the applicable statute. If the government seeks forfeiture of specific property, the court must determine whether the government has established the requisite nexus between the property and the offense.
>
> > . . . .
>
> > (B) Evidence and Hearing. The court's determination may be based on evidence already in the record, including any written plea agreement, and on any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable. If the forfeiture is contested, on either party's request the court must conduct a hearing after the verdict or finding of guilty.
>
> (2) Preliminary Order.
>
> > (A) Contents of a Specific Order. If the court finds that property is subject to forfeiture, it must promptly enter a preliminary order of forfeiture…directing the forfeiture of specific property, and directing the forfeiture of any substitute property if the government has met the statutory criteria. The court must enter the order without regard to any third party's interest in the property. Determining whether a third party has such an interest must be deferred until any third party files a claim in an ancillary proceeding under Rule 32.2(c).

3

7.      Based upon the evidence set forth in the Plea Agreements, the United States has established the requisite nexus between the .32 caliber FEG pistol and the offenses to which the defendants have pled guilty. Accordingly, the firearm and any associated ammunition are subject to forfeiture to the United States pursuant to 18 U.S.C. § 924(d)(1), in conjunction with 28 U.S.C. § 2461(c).

8.      Section 853(n)(1) of Title 21, as incorporated by 28 U.S.C. § 2461(c), provides that following the entry of an order of forfeiture, the United States shall publish notice of the order and may also provide direct written notice of the order to persons known to have alleged an interest in the firearm.

9.      Sections 853(n)(2)-(6) of Title 21 set out the process by which third parties asserting a legal interest in the firearm can obtain a judicial determination of the validity of the legal claims or interests they assert.

10.     Pursuant to Section 853(n)(7), following the disposition of all third party petitions or, if no such petitions are filed, following the expiration of the time period specified within which to file such petitions, the United States shall have clear title to the firearm that is the subject of the order of forfeiture.

5

WHEREFORE, the United States moves this Court for a Preliminary Order of Forfeiture forfeiting the .32 caliber FEG pistol, serial number BK1827 and any and all related ammunition to the United States.

Dated:  June 25, 2013

B. TODD JONES
United States Attorney

s/ James S. Alexander

BY: JAMES S. ALEXANDER
Assistant United States Attorney
Attorney No. 166145
600 United States Courthouse
300 South Fourth Street
Minneapolis, MN 55415
612-664-5600
Email: jim.alexander@usdoj.gov